IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

METROPOLITAN LIFE
INSURANCE COMPANY,

                               Plaintiff,

    v.

BENNIE KENNEDY,
VALERIE KENNEDY and
ALFRED MIDDLETON,

                               Defendants.

OPINION AND ORDER

12-cv-298-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this interpleader action, defendants Valerie Kennedy, Bennie Kennedy and Alfred Middleton dispute whether Gwendolyn Kennedy was competent when she changed the beneficiaries on her life insurance policy from all three of the defendants (and a predeceased beneficiary) to just Valerie. Valerie Kennedy has filed motions in limine in anticipation of trial scheduled for September 23, 2013. In addition, defendants Bennie Kennedy and Alfred Middleton have objected to the testimony of Valerie Kennedy's expert.

      First, defendant Valerie Kennedy has moved in limine to exclude "any evidence offered to suggest the October 7, 2008 Change of Beneficiary Form is invalid under the Federal Employees' Group Life Insurance Act or related regulation." Dkt. #41. Defendants Bennie Kennedy and Alfred Middleton have not responded to this motion, and they did not raise the issue in their trial materials. Dkt. ##48-52, 55. Accordingly, they have forfeited

1

any objection to the exclusion of evidence offered to show the invalidity of the form under the Federal Employees' Group Life Insurance Act. The motion will be granted.

Second, defendant Valerie Kennedy asks the court to prohibit the parties from introducing "[a]ny reference to an investigation, arrest or other law enforcement involvement of the witness, unless such evidence is offered in compliance with [Fed. R. Evid.] 608(b) or 609; and [Fed. R. Evid.] 401 and 403." Dkt. #42. I am denying this motion because it is too vague. It serves no purpose to grant a motion that does nothing but ask the court to follow the rules of evidence without identifying any particular evidence to be admitted or excluded. If defendant Valerie Kennedy wishes to obtain a ruling about a particular piece of evidence related to an arrest or other contact with law enforcement, she may raise that issue at trial.

Third, defendant Valerie Kennedy asks the court to exclude "[a]ny reference to the details of Defendant Valerie Kennedy's business known as the 'Frontier'" because these details are irrelevant and more prejudicial than probative. Dkt. #43. Again, I am denying this motion because it is too vague. Defendant does not explain what she means by the "details" of her business or how those details might prejudice her.

Finally, defendants Bennie Kennedy and Alfred Middleton filed an objection to testimony by plaintiff's expert Michael P. Byrne on the ground that Valerie Kennedy failed to file a timely expert disclosure under Fed. R. Civ. P. 26. Dkt. #56. In response, defendant argues that she complied with Rule 26 by filing Byrne's affidavit, which includes a discussion of all the topics about which he will testify at trial.

When determining whether an undisclosed expert should be allowed to testify at trial, courts consider (1) whether the opposing party has experienced prejudice; (2) the extent to which any prejudice can be cured; (3) the amount of potential disruption at trial; and (4) whether the party failed to disclose the expert in bad faith. David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003). In this case, Byrne's affidavit provided a clear preview of his expected testimony and an adequate disclosure of his credentials. Dkt. #39. Defendant Valerie Kennedy filed this affidavit on May 2, 2013, giving the other parties ample time to depose Byrne if they wished. Further, there is no showing of bad faith. Accordingly, I will permit Byrne to testify at trial, but I will limit his testimony to the topics he discussed in his affidavit.

Bennie Kennedy's and Alfred Middleton's objections to Valerie Kennedy's calling an unidentified witness listed only as "Records Custodian" and to any use of Dr. Byrne's affidavit will be addressed at the final pretrial conference.

ORDER

IT IS ORDERED that

1. Defendant Valerie Kennedy's motion in limine to exclude "any evidence offered to suggest the October 7, 2008 Change of Beneficiary Form is invalid under the Federal Employees' Group Life Insurance Act or related regulation," dkt. #41, is GRANTED.

2. Defendant Valerie Kennedy's motion in limine to prohibit the parties from introducing "[a]ny reference to an investigation, arrest or other law enforcement

involvement of the witness, unless such evidence is offered in compliance with [Fed. R. Evid.] 608(b) or 609; and [Fed. R. Evid.] 401 and 403," dkt. #42, is DENIED as too vague.

3. Defendant Valerie Kennedy's motion in limine to exclude "[a]ny reference to the details of Defendant Valerie Kennedy's business known as the 'Frontier,'" dkt. #43, is DENIED as too vague.

4. Defendants Bennie Kennedy's and Alfred Middleton's objection to Dr. Michael B. Pyrne's expert testimony, dkt. #56, is OVERRULED.

Entered this 17th day of September, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge